IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | CR. No. 8:20-cr-00024-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Willie Alfred Blair ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's, Willie Alfred Blair, Pro Se Motion for Compassionate Release. ECF No. 55. Counsel was appointed for Mr. Blair, who filed a Response in Support, and the Government filed a Response in Opposition. ECF Nos. 56, 58, 59. Mr. Blair filed a Pro Se Emergency Motion for Compassionate Release.[1] ECF No. 64. For the reasons set forth below, the Pro Se Motion for Compassionate Release is denied without prejudice.

## BACKGROUND

On January 14, 2020, a federal grand jury indicted Mr. Blair on two counts: employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 19 U.S.C. § 2251(a) and knowingly receiving visual depictions of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). ECF No. 1. On September 28, 2020, Mr. Blair pled guilty to count two of his indictment. ECF No. 42, 43, 44. On December 3, 2020, he was sentenced to 180 months of imprisonment and a term of supervised release for life. ECF No. 49. Mr. Blair filed a Pro Se Motion for

---

[1] Mr. Blair's Pro Se Emergency Motion for Compassionate Release will be addressed by separate order at a later date.

Compassionate Release on June 21, 2022. ECF No. 55. On July 12, 2022, the Court appointed the Federal Public Defender's Office to represent Mr. Blair with respect to his Pro Se Motion for Compassionate Release. ECF No. 56. On August 9, 2022, counsel for Mr. Blair filed a Response in Support, and on August 15, 2022, the Government filed a Response in Opposition. ECF Nos. 58, 59. Accordingly, Mr. Blair's Pro Se Motion for Compassionate Release is now before the Court.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[2] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *Kibble*, 992 F.3d at 331 (noting "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors).

---

[2] Although U.S.S.G. § 1B1.13(1)(A) is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

Therefore, in order to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances. *Kibble*, 992 F.3d at 330, 332.

## DISCUSSION

*Exhaustion*

The First Step Act ("FSA") requires defendants to exhaust their administrative remedies before moving the Court for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request." *Kibble*, 992 F.3d at 330 n.2.

Here, Mr. Blair submitted a request to the Warden of his facility requesting compassionate release or home confinement under the CARES Act, and the Warden denied the request on November 29, 2021. ECF No. 55-1 at 1. On January 31, 2022, Mr. Blair appealed the Warden's denial, and the Warden denied the appeal on March 3, 2022. *Id.* at 2–3. On March 16, 2022, Mr. Blair submitted a Regional Administrative Remedy Appeal that appealed the denial of his appeal, and on April 26, 2022, the Regional Director denied the appeal. *Id.* at 4–5. Accordingly, the Court finds that Mr. Blair properly exhausted his administrative remedies and continues to the merits of his Motion.

*Extraordinary and Compelling Reasons*

3

Mr. Blair requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on age, concern about COVID-19, including COVID-19 operations at the BOP and Federal Correctional Facility ("FCI") Coleman Low, and the fact that he suffers from Posttraumatic Stress Disorder ("PTSD") and high cholesterol.  ECF Nos. 55 at 2; 58 at 7–8.  Mr. Blair contends that he is at high risk for severe illness or death due to COVID-19 based on his age—69 years old—and the fact that "individuals age[d] 65 to 74 are five . . . times more likely to be hospitalized and sixty . . . times more likely to die should they [contract] COVID-19."  ECF No. 58 at 7 (citation omitted).  Mr. Blair contends that he remains concerned about COVID-19 despite being vaccinated because of the risk that new variants of the virus will continue to appear.  *Id.*  Mr. Blair further argues that his concerns about COVID-19 are valid given that the BOP no longer self-reports inmates or staff who have contracted COVID-19, and FCI Coleman Low, as of the date of filing, reported 12 staff as testing positive for COVID-19 and one inmate and one staff death resulting from the virus.  *Id.* at 8.  In addition, Mr. Blair contends that he suffers from PTSD and high cholesterol, which warrant a sentence reduction.  *Id.* at 2.

In contrast, the Government contends that Mr. Blair's concerns about COVID-19 do not constitute an extraordinary and compelling reason that warrants early release.  ECF No. 59 at 8.  The Government contends that Mr. Blair's general concerns about COVID-19 do not qualify as a medical condition under U.S.S.G. § 1B1.13, given that Mr. Blair does not suffer from a serious medical condition related to COVID-19.  *Id.*  The Government argues that if general concerns about COVID-19 qualified as extraordinary and compelling reasons, such determinations would be detrimental to the BOP's efforts in addressing COVID-19, result in disparity of treatment among inmates, and undermine

4

the criteria the BOP uses to ascertain eligibility for sentence reductions and home confinement. *Id.* at 9. The Government acknowledges that Mr. Blair suffers from PTSD; however, PTSD does not increase the risk of contracting COVID-19 and is wholly unrelated to the virus. *Id.*

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds that Mr. Blair's Pro Se Motion for Compassionate Release should be denied. Courts in this district and elsewhere have found, particularly at the height of the pandemic, that COVID-19 may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical condition. *See, e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620 (D.S.C. 2020); *United States v. Bing*, CR. No. 1:15-cr-0637-JMC-1, 2020 WL 4043610, at *6 (D.S.C. July 17, 2020). Moreover, the Centers for Disease Control and Prevention ("CDC") have identified age as a factor that increases the "risk of getting very sick from COVID-19." *See COVID-19, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023).

However, additional, countervailing considerations lead the Court to find that no extraordinary and compelling reason for a reduction of sentence exists in this case. Here, while Mr. Blair's age puts him at a higher risk of becoming seriously ill should he contract COVID-19, he suffers from no other medical conditions that create risks associated with COVID-19. *See Allen v. United States*, CR. No. 4:02-cr-00750-TLW-1, 2023 WL 6218114, at *4 (D.S.C. Sept. 25, 2023) (stating that "[g]enerally, harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently

extraordinary and compelling to warrant compassionate release") (internal quotation marks and citations omitted).  While Mr. Blair suffers from PTSD and high cholesterol, these conditions do not make him more susceptible to serious illness from COVID-19. *See COVID-19, People with Certain Medical Conditions* (listing conditions that create a "risk of getting very sick from COVID-19" of which PTSD and high cholesterol are not included).

Moreover, in the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, and in light of the fact that highly effective vaccines are readily available to protect against contracting COVID-19 and enduring serious complications, the COVID-19 pandemic alone may no longer constitute an exceptional and compelling reason for compassionate release.  Notably, Mr. Blair has received his COVID-19 vaccination and booster shot.  ECF No. 58-5.  Currently, updated COVID-19 vaccinations are available, which protect against contracting both the original COVID-19 virus and its variants, and the CDC recommends that individuals stay up to date on their COVID-19 vaccines for the most protection.  *See CDC Recommends Updated COVID-19 Vaccine for Fall/Winter Virus Season* (Sept. 12, 2023), https://www.cdc.gov/media/releases/2023/p0912-COVID-19-Vaccine.html (last visited Oct. 10, 2023).  In addition, FCI Coleman Low, the facility at which Mr. Blair is housed, currently reports three COVID-19 infections among its 2,057 inmates and one infection among its staff.  *See BOP COVID-19 Statistics*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Oct. 10, 2023); *FCI Coleman Low*, https://www.bop.gov/locations/institutions/col/ (last visited Oct. 10, 2023).  Accordingly, Mr. Blair's Motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

*18 U.S.C. § 3553(a) Factors*

The Court finds that, even if Mr. Blair has demonstrated extraordinary and compelling circumstances, the factors enumerated in 18 U.S.C. § 3553(a) weigh against his early release.[3] Mr. Blair has a criminal history category of II, and the offense for which he is presently incarcerated, receiving sexually explicit images of a minor, is serious in nature and poses a danger to the community. ECF No. 47; *see also* 18 U.S.C. § 3553(a)(1) (directing the court to consider "the history and characteristics of the defendant"); 18 U.S.C. § 3553(a)(2)(A) (addressing the need for the sentence "to reflect the seriousness of the offense"). Moreover, the Court finds that an abbreviated sentence under these facts and circumstances would frustrate the Congressional purpose as set forth in the mandatory minimum sentence for this offense and the adequacy of any deterrent effect upon the defendant and others. *See* 18 U.S.C. § 2252(A)(b)(1) (stating that a person convicted of knowingly receiving or distributing child pornography with a prior conviction under the statute or related statutes "shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years"); 18 U.S.C. § 3553(a)(2)(B) (addressing the need for the sentence "to afford adequate deterrence to criminal

---

[3] While it is necessary to first find that a sentence reduction is warranted by extraordinary and compelling circumstances in order to find the defendant eligible for such reduction, which, as explained above, are not present here, the Court will nevertheless address the factors under § 3553(a) out of an abundance of caution. *See United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) ("[A] court may find a defendant who filed a motion eligible for a sentence reduction after finding only that such a reduction is warranted by extraordinary and compelling reasons, which are not statutorily detailed."); *see, e.g.*, *United States v. Teryaeva-Reed*, CR. No. 20-7655, 2022 WL 822167, at *2 (4th Cir. Mar. 18, 2022) (vacating and remanding the district court's order for a more complete explanation for the denial of defendant's motion for compassionate release, where the court did not explain whether it would have denied the motion based on the § 3553(a) factors).

7

conduct"). Accordingly, the Court finds that the § 3553(a) factors weigh against granting relief.

## CONCLUSION

For the reasons set forth above, Defendant's Pro Se Motion for Compassionate Release [55] is **DENIED WITHOUT PREJUDICE**. Mr. Blair is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

October 10, 2023
Spartanburg, South Carolina